(No. 75-CV-171—)

MORRIS D. SPEARE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 18, 1975.*

MORRIS D. SPEARE, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on August 3, 1974, at 1709 W. Juneway Terrace, Cook County, Chicago, Illinois. Morris D. Speare, victim of crime, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act", (*Ill.Rev.Stat., 1973, Ch. 70, Sec. 71, et seq.*) (hereafter referred to as the "*Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Morris D. Speare, age 60, was a victim of a violent crime, as defined in sec. 2(c) of the Act, to wit:

"Aggravated Battery". (*Ill.Rev.Stat., 1973, Ch. 38, Sec. 12-4*).

2. That on August 3, 1974, claimant was beaten with an iron pipe while leaving a client at 1709 Juneway Terrace, Chicago. Prior to the beating, claimant was making an insurance collection for his job.

3. That statements, taken by police investigators shortly after the crime was committed, present no evidence of any wrongful act or provocation by the claimant for the attack upon him by the assailant.

4. That the victim was transported by private car to Bethesda Hospital, 2451 West Howard Street, Chicago, where he was treated for multiple lacerations of the scalp. A further and more detailed summary of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts as reported therein are incorporated in this opinion by reference.

5. That the victim and his assailant were not related nor sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials, that the assailants have been identified as Avell Wandick, Freddie Bates, and James Collins and that they have been indicted, tried and convicted.

7. That the claimant seeks compensation under the Act for medical expenses and loss of earnings.

8. That the claimant was unable to work from August 3, 1974, to August 9, 1974, and from August 19,

1974, to August 23, 1974, when he went back into the hospital. This is a total of 12 days.

9. That the claimant's average monthly earnings for the 6 months immediately preceding his injury were $997.00, but earnings of only $500.00 per month can be considered as the basis for determining loss of earnings, pursuant to the following provision in sec. 4 of the Act:

"Loss of earnings, loss of future earnings and loss of support shall be determined on the basis of the victim's average monthly earnings for the 6 months immediately preceding the date of the injury or on $500 per month, whichever is less."

10. That based on a period of 12 days lost time and taking $500/month as his average earnings, his loss of earnings is computed to be $197.16.

11. That, in addition to loss of earnings, the claimant incurred medical and hospital expenses which were partially covered by insurance, as follows:

| 1) | Medical | $ 519.00 |
|---|---|---|
| 2) | Hospital | 1,032.70 |
| | | $1,551.70 |

12. That in determining the amount of compensation to which an applicant is entitled, sec. 7(d) of the Act states that this court—

(d) "shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act', or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant. . .)"

13. That in this claim before us, the benefits received by the claimant from other sources which must be deducted from his loss as contemplated by sec. 7(d) of the Act were shown to be in the total sum of $675. This amount, plus the statutory deduction of $200 having been deducted from the gross amount of loss, as calcu-

lated in Paragraphs 10 and 11, leaves a loss compensable under the Act of $873.86. Hence, the claimant is entitled to an award in the amount of $873.86. i.e.,

| | |
|---|---:|
| Net loss of earnings | $ 197.16 |
| Net Hospital & Medical | 876.70 |
| | $1,073.86 |
| Less $200 deductible | −200.00 |
| | $ 873.86 |

It Is Hereby Ordered that the total sum of $873.86 be awarded to the claimant as an innocent victim of a violent crime.